**Walter HOLLAND,**

v.

**CONSOLIDATED FREIGHTWAYS CORPORATION and William H. Pearson.**

**No. CIV. A. 00–1131.**

United States District Court, E.D. Pennsylvania.

June 8, 2000.

 

Robert H. Black, Philadelphia, PA, for Plaintiff.

Kim R. Plouffe, German, Gallagher & Murtagh, Philadelphia, PA, for Defendant.

## MEMORANDUM

LUDWIG, District Judge.

Defendant William H. Pearson moves to dismiss for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), or in the alternative, to transfer to the United States District Court for the Northern District of Ohio. 28 U.S.C. § 1631. In addition, defendant Consolidated Freightways Corporation moves to transfer venue to the United States District Court for the Northern District of Ohio. 28 U.S.C. § 1404. Defendants together move to strike paragraphs 26 and 27 of the complaint. Fed.R.Civ.P. 12(f). Subject matter jurisdiction is diversity. 28 U.S.C. § 1332.

Plaintiff Walter Holland is a citizen of the Commonwealth of Pennsylvania and resides in this judicial district. Defendant Consolidated Freightways is a Delaware corporation with its principal place of business in California. Defendant Pearson is a citizen and resident of Ohio. On April 6, 1998, plaintiff's tractor-trailer collided with another tractor-trailer owned by defendant Consolidated Freightways and operated by defendant Pearson in the course of his employment. Complt. at 2. The accident occurred in Edinburg, Ohio. *Id.* On March 2, 2000, plaintiff filed this action for personal injuries arising from the accident.

Plaintiff contends that the defendant tractor-trailer operator, Pearson, is subject to personal jurisdiction in this district. He reasons that Pearson was acting within the scope of his employment with Consolidated Freightways, which does business in Pennsylvania, and he drove through Pennsylvania en route to the accident site in Ohio.

Whether a federal court has personal jurisdiction over an out-of-state defendant depends upon the forum state's long-arm jurisdiction and due process con-

siderations. *Pennzoil Products Company v. Colelli & Assocs., Inc.,* 149 F.3d 197, 200 (3d Cir.1998)(citing *Mellon Bank (East) PSFS, National Association v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992)). Pennsylvania's long-arm statute extends personal jurisdiction to "the fullest extent allowed under the Constitution of the United States." 42 Pa.C.S. § 5322(b). Our Court of Appeals explained in *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d 254, 259 (3d Cir.1998), "a federal court sitting in diversity must undertake a two-step inquiry. First, the court must apply the relevant state long-arm statute to see if it permits the exercise of personal jurisdiction; then, the court must apply the precepts of the Due Process Clause of the Constitution. In [Pennsylvania], this inquiry is collapsed into a single step because the ... long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process." When the issue is raised, plaintiff bears the burden of proving that personal jurisdiction is proper by a preponderance of evidence. *Id.* at 257.

■ Pennsylvania's long-arm statute includes both general and specific jurisdiction over out-of-state defendants. *See* 42 Pa.C.S. §§ 5301, 5322. To establish general jurisdiction, "a nonresident's contacts with the forum must be 'continuous and substantial.'" *Pennzoil Products Co.,* 149 F.3d at 200 (quoting *Provident National Bank v. California Federal Savings & Loan Association,* 819 F.2d 434, 437 (3d Cir.1987)). "Specific jurisdiction exists when the plaintiff's claim 'is related to or arises out of the defendant's contacts with the forum.'" *Pennzoil Products Co.,* 149 F.3d at 200 (quoting *Farino,* 960 F.2d at 1221).

■ As to general jurisdiction over defendant Pearson, plaintiff has not present-ed evidence that his contacts with Pennsylvania are continuous and substantial—simply generalized statements to that effect.[1] Therefore, this court lacks general jurisdiction over Pearson.

For specific jurisdiction to exist, "plaintiff must satisfy a two-part test. First, the plaintiff must show that the defendant has constitutionally sufficient 'minimum contacts' with the forum." *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d at 259 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). "Second, for jurisdiction to be exercised the court must determine, in its discretion, 'that to do so would comport with traditional notions of fair play and substantial justice.'" *IMO Industries, Inc. v. Kiekert AG,* 155 F.3d at 259 (quoting *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co.,* 75 F.3d 147, 150–51 (3d Cir.1996)).

■ The scope of Pennsylvania's specific jurisdiction long-arm statute is limited to jurisdiction over only those causes of action "arising from acts enumerated in subsection (a).…" 42 Pa.C.S. § 5322(c). The fact that defendant Pearson drove through Pennsylvania prior to the accident is not sufficient.[2] An accident in one state would not subject him to the jurisdiction of any state he traveled through beforehand. *See Carney v. Bill Head Trucking, Inc.,* 83 F.Supp.2d 554, 557 (E.D.Pa.2000)(driving across Pennsylvania not enough contact to establish specific jurisdiction over wrongful acts that occurred outside Pennsylvania). Therefore, there is no personal jurisdiction over defendant Pearson in this judicial district, and the action will be transferred to the Northern District of Ohio, where the cause of action arose. 28 U.S.C. § 1631.

---

1. Defendant Pearson has submitted an affidavit stating that he has continuously been a citizen and resident of Ohio since 1965. Def. Pearson's supp. brief at ex. B.

2. Defendant Pearson's employment by a company doing business in Pennsylvania is not a significant contact. The issuance of document subpoenas by both defendants does not amount to a waiver of personal jurisdiction on Pearson's part. Both of these arguments are rejected.

■ Defendant Consolidated Freightways Corporation also moves to transfer venue to the Northern District of Ohio. 28 U.S.C. § 1391. Under the statute, a civil action based on diversity jurisdiction may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .;

(3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391. Since Consolidated Freightways is subject to personal jurisdiction, venue is proper as to that defendant. However, since defendant Pearson is not subject to personal jurisdiction in this court and the accident did not occur here, there is a lack of venue as to this individual defendant. *See id.*

■ Change of venue under 28 U.S.C. § 1404(a) is "[f]or the convenience of the parties and witnesses, [and] in the interests of justice." Given that plaintiff is a forum resident, his choice of forum is entitled to great consideration and "should not be lightly disturbed." *Jumara v. State Farm Ins. Company,* 55 F.3d 873, 879 (3d Cir.1995)(listing the private and public considerations to be considered).[3] Movant has the burden of proof. *Id.*

The following factors favor transfer:

1. the accident occurred in Ohio;

2. defendant Pearson must be dismissed if venue is not transferred—leading to piecemeal litigation; and

3. a locality's interest in deciding local controversies.

The following factors support venue in this district:

1. plaintiff resides here; and

2. his treating physicians and medical records are located here.[4]

On balance, giving the greatest weight to the preservation of a single action against both defendants, the factors arguing for transfer substantially outweigh those to the contrary. This action will be transferred to the United States District Court for the Northern District of Ohio. 28 U.S.C. § 1404(a).

---

**3.** The private interests include: plaintiff's forum preference; defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses to the extent that they may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *Jumara v. State Farm Ins. Company,* 55 F.3d at 879–80 (citations omitted). The public interests include: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty resulting from court congestion; the local interest in deciding local controversies at home; and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* at 880. *See also Omnikem, Inc. v. Shepherd Tissue, Inc.,* Civ.A. No. 98–5269, 2000 WL 486610, at * 5 (E.D.Pa. Apr.26, 2000)(same).

**4.** Plaintiff's witnesses and records would not be unavailable in Ohio. *See Jumara v. State Farm Ins. Co.,* 55 F.3d at 879.